UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY EMMANUEL THOMAS, JR.,

                          Plaintiff,

            -against-                                    25-CV-10020 (LTS)

NEW YORK CITY HEALTH AND                                 ORDER
HOSPITALS CORPORATION; YVETTE
VILLANUEVA,

                          Defendants.

LAURA TAYLOR SWAIN, United States District Judge:

Plaintiff filed this action *pro se*. On February 20, 2026, the Court dismissed the complaint

for Plaintiff's failure to either pay the $450 in fees to bring a civil action or file an amended

application to proceed *in forma pauperis* ("IFP"). On March 6, 2026, Plaintiff filed a motion for

reconsideration under Rules 59(e) and 60(b) challenging the February 20, 2026 dismissal order,

along with a motion for an extension of time to file a motion for reconsideration.

## DISCUSSION

**A.      Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must

demonstrate that the Court overlooked "controlling law or factual matters" that had been

previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"Such motions must be narrowly construed and strictly applied in order to discourage litigants

from making repetitive arguments on issues that have been thoroughly considered by the court."

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see*

*also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009)

("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision

as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal citations omitted)). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court dismissed this action because Plaintiff failed to either pay the filing fees or submit a signed and completed IFP application. In his motion, Plaintiff repeats the same arguments, which the Court previously rejected, that the filing fees are unconstitutional and inapplicable to him, and that his blank and unsigned IFP application entitles him to a waiver of the filing fees. As the Court previously noted, the imposition of filing fees in district courts has been upheld by the United States Supreme Court. *See, e.g.*, *Ortwein v. Schwab*, 410 U.S. 656, 656 (1973). Moreover, because Plaintiff's IFP application was blank and did not include any information about his finances, he failed to demonstrate that he was unable to pay the filing fees.

The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 10.) The Court denies Plaintiff's motion for an extension of time to file a motion for reconsideration as unnecessary. (ECF 9.) The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 13, 2026
         New York, New York

                                              /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                         Chief United States District Judge